**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

v.                                                                                  Case No. 8:23-cr-146-TPB-UAM

RICHARD SALINO GARCIA,

    Defendant.
_____/

**ORDER DENYING "DEFENDANT'S FACIAL AND AS-APPLIED CHALLENGE TO THE CONSTITUTIONALITY OF 18 U.S.C. § 922(G)(1) AND MOTION TO DISMISS THE INDICTMENT"**

This matter is before the Court on "Defendant's Facial and As-Applied Challenge to the Constitutionality of 18 U.S.C. § 922(g)(1) and Motion to Dismiss the Indictment," filed by counsel on November 17, 2023. (Doc. 41). Although the Government did not file a response, no response is needed. Upon review of the motion, case file, and the record, the Court finds as follows:

On December 2, 2022, Deputy M. Ptak of the Pasco County Sheriff's Office observed two individuals attempting to conceal themselves behind shipping containers at a Walmart in Lutz, Florida. The male was identified as Defendant. Deputy Ptak directed both individuals to put their bicycles down and follow him to his squad car. During the encounter, Deputy Ptak told Defendant to put his hands on the hood of the vehicle, but Defendant did not do so. Deputy Ptak eventually grabbed Defendant's hands and placed them on the vehicle, but Defendant then sprinted away, purportedly grabbing at his waistband while running. Deputy Ptak

caught up to Defendant and tackled him.  During a search incident to arrest, deputies found a Taurus .357 revolver containing five unspent rounds in the cylinder.

Because Defendant is a convicted felon, he is charged in a one-count indictment with knowingly possessing a firearm as a person who was previously convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[1]  (Doc. 1).  Defendant challenges the constitutionality of 18 U.S.C. § 922(g), arguing that the prohibition against a felon possessing a firearm is unconstitutional under recent Second Amendment jurisprudence.

This exact issue was recently examined in *United States v. Kirby*, No. 3:22-cr-26-TJC-LLL, 2023 WL 1781685 (M.D. Fla. Feb. 6, 2023) (Corrigan, J.).  As Chief Judge Corrigan explains, the Court is bound by *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010), which holds that statutory restrictions on firearm possession, such as § 922(g), are constitutional and therefore permissible.  *Id*. at *3.  And "[e]ven if the Court was not bound by *Rozier*, […] § 922(g)(1) is part of the historical tradition of the Second Amendment."[2]  *Id*. (collecting cases).

---

[1] Defendant was previously convicted of the following offenses: (1) burglary, (2) felony battery, (3) failure to appear, (4) possession of a controlled substance, (5) felon in possession of a firearm or ammunition, (6) possession of a controlled substance, (7) introduction of contraband, (8) possession of a controlled substance, (9) fleeing to elude, (10) grand theft, and (11) grand theft.

[2] The Court notes that other courts have reached this same conclusion following the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2126 (2022), which requires the government to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms."  *See Kirby*, 2023 WL 1781685, at *3 (collecting cases).

Defendant also argues that § 922(g)(1) exceeds Congress's authority under the Commerce Clause, presenting both facial and as-applied challenges. Again, Chief Judge Corrigan addressed this same issue, explaining that "this Court is bound by Eleventh Circuit precedent rejecting both facial and as-applied challenges to 922(g)(1) on this ground." *Id.* at *4 (citing *United States v. Wright*, 607 F.3d 708, 715-16 (11th Cir. 2010); *United States v. Scott*, 263 F.3d 1270, 1271-74 (11th Cir. 2001)).

For these reasons, as explained in greater detail by the court in *Kirby*, "Defendant's Facial and As-Applied Challenge to the Constitutionality of 18 U.S.C. § 922(g)(1) and Motion to Dismiss the Indictment" (Doc. 41) is denied.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 18th day of December, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**