UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:23-cr-146-TPB-NHA

RICHARD SALINO GARCIA,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO SUPPRESS

This matter is before the Court on Defendant's motion to suppress, filed by counsel on August 15, 2023. (Doc. 25). On September 15, 2023, the Government filed a response. (Doc. 30). The Court held a hearing to address this matter on December 11, 2023. (Doc. 52). Upon review of the motion, response, testimony, evidence, case file, and the record, the Court finds as follows:

### Background

The events necessary to decide this motion are largely undisputed because the vast majority of the encounter was captured on police-worn body camera. On December 2, 2022, at around midnight, Deputy M. Ptak of the Pasco County Sheriff's Office observed two individuals attempting to conceal themselves behind shipping containers in the rear area of a Walmart in Lutz, Florida. The male was identified as Defendant. Deputy Ptak directed both individuals to put their bicycles down and follow him to his squad car. During the encounter, Deputy Ptak told Defendant to put his hands on the hood of the vehicle, but Defendant did not do so.

Deputy Ptak eventually grabbed Defendant's hands and placed them on the vehicle, but Defendant then sprinted away, purportedly grabbing at his waistband while running. Deputy Ptak caught up to Defendant and tackled him. During a search incident to arrest, deputies found a Taurus .357 revolver containing five unspent rounds in the cylinder.

Because Defendant is a convicted felon, he is charged in a one-count indictment with knowingly possessing a firearm as a person who was previously convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[1] (Doc. 1). Defendant now challenges the legality of the stop and seizure.

## Analysis

### *Search and Seizure*

"The Fourth Amendment prohibits 'unreasonable searches and seizures' by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *United States v. Arvizu*, 534 U.S. 266, 273 (2002). Law enforcement officers may detain individuals when there is probable cause to believe that the individuals committed an offense in their presence. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor

---

[1] Defendant was previously convicted of the following offenses: (1) burglary, (2) felony battery, (3) failure to appear, (4) possession of a controlled substance, (5) felon in possession of a firearm or ammunition, (6) possession of a controlled substance, (7) introduction of contraband, (8) possession of a controlled substance, (9) fleeing to elude, (10) grand theft, and (11) grand theft.

criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."). Police may also stop and briefly detain individuals to investigate a reasonable suspicion that the persons engaged in or are about to engage in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 30 (1968); *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). Whether there is probable cause or reasonable suspicion depends on the totality of the circumstances based on an officer's training and experience. *United States v. Arvizu*, 534 U.S. 266, 273-24 (2002); *United States v. Smith*, 201 F.3d 1317, 1323 (11th Cir. 2000).

Much of the briefing in this case addresses whether Deputy Ptak had reasonable suspicion to briefly stop and detain Defendant. It appears to the Court that Deputy Ptak, or any reasonable officer under the circumstances, would have probable cause to believe that Defendant committed a violation of Florida's anti-loitering statute, § 856.021, *F.S.*, a second-degree misdemeanor.[2] Under this statute,

> [i]t is a crime to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that may warrant justifiable and reasonable alarm or immediate concern for the safety of property in the vicinity.

"The statute lists several facts that may be considered in determining whether

---

[2] The Court notes that Deputy Ptak himself testified that he believed he had probable cause to believe Defendant violated the anti-loitering statute. This opinion, of course, is not dispositive as to the legal issue or binding on the Court in any way. *See, e.g.*, *Rankin v. Evans*, 133 F.3d 1425, 1433 (11th Cir. 1998) (Probable cause standard is objective, and for probable cause to exist, "[n]either Florida nor federal law requires that a police officer actually have a subjective belief in the guilt of the person arrested.").

reasonable fear exists, including 'the fact that the person takes flight upon appearance of a law enforcement officer.'" *United States v. Gordon*, 231 F.3d 750, 758 (11th Cir. 2000) (quoting § 856.021(2), F.S.).

"Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect has committed or was committing a crime." *Id*. (quoting *United States v. Gonzalez*, 969 F.2d 999, 1002 (11th Cir. 1992)). Deputy Ptak's credible and undisputed testimony and the body-camera footage establishes that there was probable cause to arrest Defendant. At around midnight, Deputy Ptak directly observed two people behind a closed business, trying to conceal themselves behind storage containers. This evidence satisfies the first prong of the statute. *See id*.; § 856.021(1), *F.S.* Although some law-abiding citizens may have had reason to generally be in the area due to the close proximity of a bar, the totality of the circumstances demonstrate probable cause to believe that Defendant was "loitering or prowling at a place, at a time, or in a manner not usual for law-abiding citizens." *See Gordon*, 231 F.3d at 758.

As to the second prong, the testimony and evidence also establishes that Defendant attempted to flee when Deputy Ptak first activated his lights. As the Eleventh Circuit has pointed out, "[f]light is specifically identified as a fact tending to justify the requisite concern about the safety of persons and property in the area." *Id*. Considering what Deputy Ptak knew about recent criminal activity at Walmart through store management, and Defendant's attempt to flee, Deputy Ptak had a

reasonable fear for the safety of persons or property in the vicinity.

Contrary to Defendant's position, Deputy Ptak complied with the requirements of the loitering and prowling statute. Prior to arrest, Deputy Ptak afforded Defendant the opportunity dispel any alarm or immediate concern by requesting Defendant's identification and an explanation of his presence and conduct. Deputy Ptak attempted to perform a *Terry* pat-down search for officer safety reasons after observing movements that indicated the presence of a weapon. It was during this interaction that Defendant attempted to flee, for the second time.

Because there was probable cause to arrest Defendant for violating Florida's anti-loitering statute, his arrest was proper, and the evidence seized was properly obtained. The motion to suppress is denied as to this ground.

*Miranda*

In the motion, Defendant argues that he was questioned without *Miranda* warnings. The Government has indicated that it does not intend to introduce any of Defendant's statements. Consequently, the motion is granted as to this ground.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 11th day of January, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**