UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:23-cr-146-TPB-NHA

RICHARD SALINO GARCIA,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S "MOTION TO RECUSE"

This matter is before the Court on Defendant Richard Salino Garcia's *pro se* "Motion to Recuse," filed on March 8, 2024. (Doc. 75). After reviewing the motion, court file, and the record, the Court finds as follows:

### Legal Standard

The Court addresses Defendant's arguments under 28 U.S.C. § 455. The standard for recusal is "whether a reasonable person knowing all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986); *see also Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000); *In re Ford*, Case No. 8:18-cv-2053, 2018 WL 7360654, at *1 (M.D. Fla. Oct. 11, 2018). "Because a judge is presumed to be impartial, a party seeking recusal bears the substantial burden of proving otherwise." *United States v. Martinez*, 446 F.3d 878, 883 (8th Cir. 2006) (citation omitted).

Although federal judges have a duty to recuse themselves when a disqualifying factor comes to light, a judge also has a duty to retain a case when faced with a meritless recusal motion. *See In re Drexel Burnham Lambert Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is."). This is "because the disqualification decision must reflect not only the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons perhaps to obtain a judge more to their liking." *In re Allied–Signal Inc.,* 891 F.2d 967, 970 (1st Cir. 1989); *see Greenough,* 782 F.2d at 1558 (explaining twin policies of the § 455(a) standard).

Under the federal disqualification procedure, a judge does not and should not accept as true the allegations or speculation of the moving party. *See, e.g., Greenough,* 782 F.2d at 1558; *United States v. Bennett,* 539 F.2d 45, 51 (10th Cir. 1976); *United States v. Platshorn,* 488 F. Supp. 1367, 1368-69 (S.D. Fla. 1980). This is very different from the disqualification procedure that currently exists in the Florida state courts where judges are required to accept all allegations as true and are prohibited from identifying and rejecting allegations that are misleading, inaccurate, or outright false. Under the Florida state court disqualification procedure, unscrupulous parties are free to abuse and manipulate the system to obtain a judge more to their liking simply by filing an affidavit containing demonstrably false allegations. The federal disqualification procedure operates

differently. *See Greenough*, 782 F.2d at 1558 ("If a party could force recusal of a judge by factual allegations, the result would be a virtual 'open season' for recusal.")

Nonetheless, in federal courts "the judge must still tread cautiously, recognizing, on the one hand, the great importance of the judicial institution of avoiding any appearance of partiality, while simultaneously remaining aware of the potential injustices that may arise out of unwarranted disqualification." *In re Allied–Signal Inc.*, 891 F.2d at 970. "A judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Harris v. Geico Gen. Ins. Co.*, 961 F. Supp. 2d 1223, 1227-28 (S.D. Fla. 2013) (quoting *Carter v. West Pub. Co.*, No. 99–11959–EE, 1999 WL 994997, at *2 (11th Cir. Nov. 1, 1999)).

## Analysis

In his motion, Defendant seeks recusal based primarily on my involvement in an unrelated case. Defendant complains of the dismissal of a civil rights lawsuit he had filed as a prisoner.[1] But it is well-established that a judge's adverse prior decisions do not require disqualification in subsequent cases. *See, e.g., Christo v. Padgett*, 223 F.3d 1324, 1334 (11th Cir. 2000) (holding that a district court judge's prior sentencing of a civil plaintiff in a criminal proceeding, and the fact that the judge presided over other litigation involving the civil plaintiff's family, did not require disqualification from the civil action); *In re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 965 (5th Cir. 1980) ("[I]n numerous cases since the

---

[1] That case was dismissed without prejudice due to Defendant's lack of prosecution by failing to notify the Court of his change of address.

enactment of Section 455(a)[,] courts have held that familiarity with defendants and/or the facts of a case that arises from earlier participation in judicial proceedings is not sufficient to disqualify a judge from presiding at a later trial."). My rulings in Defendant's civil case are not sufficient to cause any reasonable third party to question my impartiality in this criminal case.

Defendant also asserts, as a separate basis for recusal, that at a recent hearing, I openly stated that Defendant would go to trial and lose, making Defendant concerned for "public wellbeing and opportunity at fair justice." Defendant either misunderstands or misconstrues the Court's statements. I did not say that Defendant would "go to trial and lose." This case was originally set for a bench trial in which Defendant would agree to stipulated facts proffered by the Government to preserve his right to appeal the denials of a motion to dismiss the indictment and a motion to suppress. The Court explained that when a bench trial like that occurs, the defendant would typically lose because the purpose of this type of bench trial is not to determine guilt or innocence but to set up an earlier appeal of motions that were denied without having to wait for a jury trial. This explanation was given in the context of the Court explaining Defendant's right to make certain decisions, such as the decision to waive his right to a jury trial. This ground lacks merit.

Finally, Defendant submits my decision to appoint former counsel as standby counsel as a basis for recusal. When appointed counsel is not ineffective, a defendant does not simply get to fire him and get a new public defender – his

options are to continue with appointed counsel, hire his own attorney, or proceed *pro se* (subject to a *Faretta*[2] inquiry).  See *United States v. Garey*, 540 F.3d 1253, 1263 (11th Cir. 2008) (Sixth Amendment does not guarantee a criminal defendant the right to counsel of his choice); *Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985) (indigent criminal defendant with appointed counsel does not possess right to demand different appointed lawyer except for good cause).

To be clear, at the recent hearing, I specifically found that former counsel had not been ineffective in any way whatsoever.  Defendant did not object to the appointment of former counsel as standby counsel at the hearing.  However, even if Defendant now objects to standby counsel, a trial judge may appoint standby counsel over a defendant's objection, "to protect the integrity of the court, to aid the accused when needed, and to be available for representation if the accused later invokes his or her right to counsel." *See United State v. Hyde*, No. 2:19-cr-5, 2020 WL 1488355, at *1 (S.D. Ga. Mar. 23, 2020) (citing *Faretta*, 422 U.S. at 834 n.46). Moreover, Defendant is not entitled to the standby counsel of his choice.  *See United States v. Wilson*, 979 F.3d 889, 914 (11th Cir. 2020) (citing *United States v. Joyner*, 899 F.3d 1199, 1205 (11th Cir. 2018) (*pro se* defendant not entitled to substitution of appointed standby counsel).  This decision does not provide any basis for recusal.

For these reasons, the motion for recusal is **DENIED**.

---

[2] *Faretta v. California*, 422 U.S. 806 (1975).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) Defendant's "Motion to Recuse" (Doc. 75) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 13th day of March, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**