UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 8:23-cr-146-TPB-UAM

RICHARD SALINO GARCIA,

    Defendant.
_____/

### ORDER DENYING "DEFENDANT'S MOTION TO DISMISS"

This matter is before the Court on "Defendant's Motion to Dismiss," filed *pro se* on March 13, 2024.[1] (Doc. 78). No response is necessary. Upon review of the motion, court file, and the record, the Court finds as follows:

### Background

On December 2, 2022, Deputy M. Ptak of the Pasco County Sheriff's Office observed two individuals attempting to conceal themselves behind shipping containers at a Walmart in Lutz, Florida. The male was identified as Defendant. Deputy Ptak directed both individuals to put their bicycles down and follow him to his squad car. During the encounter, Deputy Ptak told Defendant to put his hands on the hood of the vehicle, but Defendant did not do so. Deputy Ptak eventually

---

[1] The Court notes that on February 29, 2024, the Court held a hearing to address Defendant's claims of ineffective assistance of appointed counsel. (Doc. 70). After the Court concluded that counsel had not be ineffective in any way whatsoever, Defendant elected to proceed *pro se*. The Court held the required *Faretta* inquiry and determined that Defendant could represent himself. The Court appointed former counsel as standby counsel at that time. The Court later entered an order to clarify standby counsel's role. *See* (Doc. 77).

grabbed Defendant's hands and placed them on the vehicle, but Defendant then sprinted away, purportedly grabbing at his waistband while running. Deputy Ptak caught up to Defendant and tackled him. During a search incident to arrest, deputies found a Taurus .357 revolver containing five unspent rounds in the cylinder.

Because Defendant is a convicted felon, he is charged in a one-count indictment with knowingly possessing a firearm as a person who was previously convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[2] (Doc. 1). In the instant motion, Defendant seeks to dismiss the indictment on various grounds.

## **Legal Standard**

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that the indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged and . . . signed by an attorney for the government." Fed. R. Civ. P. 7(c)(1). A sufficient indictment "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Wayerski*, 624 F.3d 1342, 1349 (11th Cir. 2010) (quoting *United*

---

[2] At appears that Defendant was previously convicted of the following offenses: (1) burglary, (2) felony battery, (3) failure to appear, (4) possession of a controlled substance, (5) felon in possession of a firearm or ammunition, (6) possession of a controlled substance, (7) introduction of contraband, (8) possession of a controlled substance, (9) fleeing to elude, (10) grand theft, and (11) grand theft.

*States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002)).

When reviewing a motion to dismiss an indictment, a court considers whether the Government has sufficiently alleged each of the elements of the offense charged and, taking the allegations as true, whether a criminal offense has been stated. *See, e.g.*, *United States v. Plummer*, 221 F.3d 1298, 1302 (11th Cir. 2000). A district court's review is limited to the face of the indictment. *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006).

## Analysis

In his motion, Defendant asserts a verifiable hodgepodge of arguments for dismissal of the indictment. Specifically, Defendant contends that (1) the Court has violated his right to a speedy trial;[3] (2) Defendant's due process rights were violated when no arrest warrant was issued and the Government failed to state an offense;[4] (3) Defendant's "rights were violated under the 'Rights Guaranteed Clause' per the Fourth Amendment to the United States Constitution consistent with the Fifth and Fourteenth Amendments . . .[;]" (4) the Court is violating the rules of evidence after being advised that evidence was tainted and tampered with; (5) the Court violated Defendant's rights by not having him in court for a preliminary hearing within thirty days of the indictment;[5] (6) there is a "conflict of interest" with the arresting

---

[3] The Court notes that contrary to Defendant's assertion, no speedy trial rights have been violated. Based on the filing of various defense motions and the ends of justice served by continuances, the time from the filing of the case until the end of the May 2024 trial term is "excludable time" pursuant to 18 U.S.C. § 3161(h). To be clear, the speedy trial clock has not yet begun to run.
[4] Contrary to Defendant's assertion, an arrest warrant was issued on May 3, 2023 – one day after the return of the indictment – and was executed on June 12, 2023.
[5] The preliminary hearing was held on June 12, 2023, the day that Defendant was arrested.

officer; (7) "selective and or vindictive want of prosecution[;]" (8) Defendant has been victimized and subject to cruel and unusual punishment; (9) no probable cause existed to arrest Defendant; (10) provoked flight cannot be used as a means to apprehend an individual; (11) the officer violated the limitations of a *Terry* stop, rendering the search invalid; and (12) there are "jurisdictional defects pertaining to the arrest and location as well as the indictment and due process."

Some of these grounds – such as Defendant's arguments concerning probable cause, flight, and the *Terry* stop – were previously addressed by the Court in a prior order denying his motion to suppress. The Court will not revisit those same arguments again, and its prior ruling stands.

The other arguments presented do not provide any basis whatsoever to dismiss the indictment. In another prior order, the Court explained the standards associated with a motion to dismiss the indictment, and for clarity, the Court includes those standards again here. The Court previously found the indictment sufficient, and that ruling also stands. The indictment presents the essential elements of the charged offense, tracking the language of the criminal statute and providing Defendant with sufficient notice of the facts. ***This is all that is required of an indictment***. Essentially identical charging language has been upheld by the Eleventh Circuit.

Defendant may wish to contest the charge against him, perhaps with some of the arguments articulated in his motion. But any alleged factual issues do not provide a basis to dismiss a facially sufficient indictment – those are issues for a

jury to determine.  Accordingly, "Defendant's Motion to Dismiss" (Doc. 78) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>27th</u> day of March, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**